JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-08446-JHN -FMOx | Date | December 22, 2010 |
|---|---|---|---|
| Title | Joseph Shwarz et al v. Peak Financial Group et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT (In Chambers)

On November 5, 2010, Defendants removed this action to this Court. Defendants assert that federal jurisdiction exists on the basis of a federal question. (See 28 U.S.C. § 1331; Notice of Removal ¶ 3.)

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9, 103 S. Ct. 2841 (1983).[1] Where a violation of a federal statute is one of several independent allegations supporting a state law cause of action, the state law cause of action does not "necessarily turn" on the construction of the federal statute. Rains v. Criterion Sys., Inc., 80 F.3d 339, 345-46 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."); See also, Duncan v. Stuetzle, 76 F.3d

---

[1] The "actual holding in Franchise Tax Board demonstrates that this statement must be read with caution; the central issue presented in that case turned on the meaning of the Employee Retirement Income Security Act . . . but [the Supreme Court] nevertheless concluded that federal jurisdiction was lacking." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 809, 106 S. Ct. 3229 (1986).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-08446-JHN -FMOx | Date | December 22, 2010 |
|---|---|---|---|
| Title | Joseph Shwarz et al v. Peak Financial Group et al. | | |

1480, 1485 (9th Cir. 1996) ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper").

Here, Removing Defendants claim that the complaint "arises under" the federal Truth in Lending Act, ("TILA") and the federal Home Ownership and Equity Protection Act ("HOEPA"). (Notice at ¶ 3.) The purported basis of federal jurisdiction is set forth in one single sentence, without any attempt by Defendants to show why resolution of the state claims necessarily turns on construction of federal statutes. The complaint clearly asserts primarily state causes of action for fraud, breach of contract, intentional misrepresentation. (See Compl.: claims 1, 2, 3, 4, 5, 8, 9, 10.) Plaintiffs make passing reference to TILA and/or HOEPA in a few paragraphs. (Compl. ¶¶ 71, 72, 73, 78, 77, 78.) The Court concludes that resolution of the claims asserted by Plaintiffs does not necessarily turn on construction of federal statutes. Accordingly, the Court finds that Defendants have failed to sustain their burden of establishing subject matter jurisdiction.

This matter is hereby REMANDED to the Los Angeles Superior Court.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |